HOUSTON & T. C. R. CO. v. DERDEN.
(No. 7692.)

(Court of Civil Appeals of Texas. Dallas.
Feb. 17, 1917.)

1. APPEAL AND ERROR ⬖765 — BRIEFS — NOTICE OF FILING.

In the Court of Civil Appeals, the appellee is not required to notify appellant that his brief has been filed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3100.]

2. APPEAL AND ERROR ⬖767(1) — BRIEFS — STRIKING OUT.

Appellee's brief in the Court of Civil Appeals will not be stricken for failure to notify appellant of its filing, especially where appellant does not claim that the delay prejudiced it, nor request a postponement for the purpose of submitting a reply brief.

3. JUSTICES OF THE PEACE ⬖58(3)—JURISDICTION—AMOUNT IN CONTROVERSY.

Where the citation as contained in the record indicates that plaintiff's demand in a justice court action was less than $200, the jurisdiction of the justice court is established.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 211.]

4. CARRIERS ⬖228(5) — INJURY TO LIVE STOCK—COMPUTING DAMAGES.

In an action against a railroad for damage to live stock shipments, the exact amount of damages need not be capable of definite computation in order to support a verdict for plaintiff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 960.]

⬖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Navarro County Court; R. R. Owen, Judge.

Action by B. J. Derden against the Houston & Texas Central Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and R. S. Neblett and Gordon Damon, both of Corsicana, for appellant. Richard Mays, of Corsicana, for appellee.

RAINEY, C. J. Appellee sued appellant in the justice court to recover damages to a shipment of cattle from Corsicana to Ft. Worth, Tex. A general denial was pleaded by appellant. A trial resulted in favor of appellee, and appellant appealed to the county court, where a similar result was obtained, and the case is here for review.

[1, 2] The appellant moves to strike out the brief of appellee, because "said brief was not filed within the time prescribed by law, and appellant has had no notice of the filing of the same until the date of submission." Appellee's brief was filed in this court on October 14, 1916, and this cause was submitted February 10, 1917. Notice to appellant of the filing in this court of appellee's brief is not required. Appellant does not claim that it has been in any way injured by the failure of notice to it of the filing of said brief. No postponement of the submission of the case was asked for for appellee to reply, etc., therefore the motion to strike out brief will be overruled.

[3] The appellant raises in written argument the question of jurisdiction of this court to pass upon this case, on the ground that the amount sued for in the justice court was above $200. It is urged that the damages to the cattle, according to the citation in the justice court, which was appellant's pleading, shows plaintiff's demand to be above $200. Upon examination of the record, we find from the citation, which controls, that it stated the damage did not amount to more than about $170, of which the justice court had jurisdiction. If the shrinkage was 30 pounds per hundredweight, the justice court did not have jurisdiction, and this court would have no jurisdiction, but would have jurisdiction if the loss was 15 pounds per hundredweight, as alleged in the citation. Taking the record as our guide, it shows jurisdiction, and the contention of appellant is overruled.

[4] The assignment presented is:

"The judgment of the court is not supported by the evidence, in that no means of computation could the exact amount found be arrived at."

In this character of case the *exact* amount of damage can hardly be definitely computed, and the judgment of the jury after hearing the evidence is the mode selected by law for determining the amount, and the jury having found a verdict for $140.58, which we are of the opinion is supported by the evidence, the judgment is therefore affirmed.

Affirmed.